IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS       :   Consolidated Under
LIABILITY LITIGATION (No. VI)  :   MDL DOCKET NO. 875
                               :
VARIOUS PLAINTIFFS             :
                               :   Various "CVLO" cases listed
    v.                         :   in Exhibit "A," attached
                               :
VARIOUS DEFENDANTS             :

FILED
DEC - 2 2013
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### O R D E R

**AND NOW**, this **2nd** day of **December, 2013**, it is hereby **ORDERED** that Plaintiffs "Motion to Modify Order of March 13, 2013, to Include Determination Under Rule 54(b)" in the cases listed in Exhibit "A," attached are **DENIED**.[1]

---

[1]    These are multi-defendant, multi-claim asbestos personal injury cases. The cases were transferred from the United States District Courts for the Central, Southern, or Northern Districts of Illinois to the United States District Court for the Eastern District of Pennsylvania as part of MDL-875.

By Order dated March 13, 2013, this Court granted partial summary judgment in favor of Defendant Georgia Pacific Corporation ("Georgia Pacific"), one of many defendants in the cases, disposing of a single claim for lung cancer that Plaintiffs sought to pursue against Georgia Pacific in each case. Plaintiffs seek an order under Rule 54(b) of the Federal Rules of Civil Procedure that would direct the entry of a final judgment as to that claim for lung cancer, so that they may appeal this Court's ruling disposing of the claim on grounds of the collateral order doctrine.

This Court disposed of Plaintiffs' purported claim for lung cancer on the grounds that (1) Illinois law (as set forth in VaSalle v. Celotex, 161 Ill. App. 3d 808, 812 (Ill. App. Ct. 1987)) requires plaintiff to bring a claim for lung cancer that is separate from plaintiff's claim for "asbestos-related pleural disease," (2) plaintiff's complaint did not include a separate claim for lung cancer, and (3) plaintiff failed to establish "good cause" pursuant to Rule 16(b)(4) for waiting to seek to amend the complaint to add this claim until the summary judgment phase of the case (i.e., after the Court ordered deadline for

amendments had passed). Plaintiffs assert that their motion should be granted - and entry of a final judgment on the claim directed by this Court - because there is no just reason for delay.

## I.   Legal Standard

Rule 54(b) of the Federal Rules of Civil Procure provides that, when an action involves more than one claim for relief, or when multiple parties are involved, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Certification of a final decision under Rule 54(b) entails two separate findings: that (1) there has been a final judgment on the merits; and (2) there is "no just reason for delay." Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006) (quotation marks and citation omitted).

In determining whether no just reason for delay exists, a district court should consider the following factors: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a setoff against the judgment to be made final; and (5) other factors, such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Id. at 203; Allis-Chalmers Corp. v. Phila. Elec. Co., 521 F.2d 360, 364 (3d Cir. 1975).

Rule 54(b) requests need not be granted routinely. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 10, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980). A district court must be careful "to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" Id. at 8 (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438, 76 S. Ct. 895, 100 L. Ed. 1297 (1956)). The decision of whether to grant a Rule 54(b) motion is left to "the sound judicial discretion of the district court." Id. The moving party must demonstrate that its case is one of the "'infrequent harsh case[s]'" that merit "'a favorable exercise of discretion.'" U.S. Claims, Inc. v. Flomenhaft & Cannata, LLC, 519 F. Supp. 2d 515, 531 (E.D. Pa. 2006) (quoting Allis-Chalmers Corp., 521 F.2d at 365).

**IT IS SO ORDERED.**

_____
Eduardo C. Robreno, J.

---

## II. Analysis

A main purpose of MDL 875 is to streamline asbestos cases for pretrial purposes. Cases remain in the MDL up through the summary judgment phase, and then the MDL 875 Court suggests that the cases be remanded to the transferor court for further proceedings, including trial. The policy behind MDL 875 would be frustrated if, after ruling on motions for summary judgment, the MDL Court issued Rule 54(b) certifications, which would result in piecemeal appeals and would lead to cases being delayed while some parties appealed decisions adverse to them.

In the present cases, Rule 54(b) certifications, and subsequent appeals to the Third Circuit Court of Appeals would delay the administration of justice, as the cases would be waiting for Third Circuit determinations rather than proceeding in the transferor court. Given these considerations, the Court finds that Plaintiffs have not demonstrated that the cases are one of the "infrequent harsh cases" that would merit a Rule 54(b) certification. Allis-Chalmers Corp., 521 F.2d at 365.

## Exhibit A

| EDPA Case No. | Case Name | District | ECF No. |
|---|---|---|---|
| 08-91879 | Wilson | IL-C | 202 |
| 08-89914 | Larweth | IL-N | 169 |
| 10-64567 | Collins | IL-S | 198 |
| 08-89845 | Doyle | IL-N | 248 |